EDWARD A. BROWN, APPELLANT, *v.* MICHAEL WELCH, IMPLEADED, ETC., RESPONDENT.

*Chap.* 489, *of* 1873 — *Mechanic's lien* — *error in stating against whom lien is filed.*

This action was brought to foreclose a mechanic's lien filed by the plaintiff for materials furnished by him to the defendant Daley, Sr., in pursuance of a contract with him. After the filing of the notice, plaintiff learned that a son of Daley, a minor, was jointly interested with him in the contract for the erection of the house. In the notice by which this action was commenced, Daley, Jr., was made a party, plaintiff alleging that he claimed to have some interest in the fund, but that in fact he had no title or interest therein. Daley, Jr., did not answer. *Held,* that it was error for the court to dismiss the proceeding, on the ground that the notice of lien named Daley, Sr., as the person against whom the claim was made, while in fact Daley, Sr., and Daley, Jr., were the contractors and persons by whom the materials were used.

*Held* further, that it was competent for the plaintiff to show that prior to the filing of the lien, the defendant Welch, the owner of the property, and Daley, Sr., had both stated to him that Daley, Sr., was the sole contractor.

APPEAL by the plaintiff from a judgment entered upon the trial of this action by the court, without a jury.

The action was brought to foreclose a lien, filed by the plaintiff, for brick used in the erection of a building that the defendants, Patrick Daley and Patrick Daley, Jr., had contracted in writing to construct for the defendant Welch, the owner of the land upon which it was to be erected.

The bricks were furnished to Patrick Daley, Sr., the plaintiff having no knowledge that Daley's son had any interest in the contract. In the notice of lien filed in clerk's office, the plaintiff stated that he had "a claim against Patrick Daley, who was the contractor with Michael Welch, for the construction of the building" in which the bricks were used. In the amended notice served to foreclose the lien, he stated that he had "a claim against Patrick Daley and Patrick Daley, Jr., who were the contractors for the erection of the building."

*Job G. Sherman*, for the appellant. It is not necessary that the notice of lien filed in the office of the county clerk of the county where the property is situated, shall state the name of the person with whom the contract was made. (*Riley* v. *Watson*, 3 S. C., 568; *Gates* v. *Whitcomb*, 6 N. Y. S. C., 341, 342.) A lien attaches when work is done by permission of the owner. (*Hart* v. *Wheeler*, 1 N. Y. S. C., 403, 404; *Hauptman* v. *Catlin*, 20 N. Y., 247, 249.) It is sufficient, if it appear that the materials have been furnished under a contract by which the owner is bound. (*Hauptman* v. *Catlin*, 20 N. Y., 250; *Dressell* v. *French*, 7 How., 350.) Where there "are several contractors, the notice is sufficient, if it name one of them." (Phillips on Mech. Liens, 481, 482, 483; *Davis* v. *Livingston*, 29 Cal., 283; *Tibbetts* v. *Moore*, 23 id., 208; *Roach* v. *Chapin*, 27 Ill., 194; *Beals* v. *Cong. B'nai J.*, 1 E. D. Smith, 654; *Lutz* v. *Ey*, 3 id., 621; *Knabb's Appeal*, 10 Penn. [Barr], 186.) The court will order the contractor brought in. (*Sullivan* v. *Decker*, 1 E. D. Smith, 699; *Foster* v. *Skidmore*, id., 719; *Lowber* v. *Childs*, 2 id., 577.) Nor can the proceedings be dismissed on such ground. (*Lowber* v. *Childs*, 2 E. D. Smith, 577.) Michael Welch is estopped from denying that Patrick Daley is the sole contractor. (Phillips on Mech. Liens, § 121, pp. 174, 175; id., § 75, p. 110; *Haswell* v.

*Goodrich*, 12 Wend., 373; Phillips on Mech. Liens, § 112, p. 162; *Gaty* v. *Casey*, 15 Ill., 189.)

*A. Pond*, for the respondent. The proceeding to enforce a mechanic's lien is purely statutory, and not according to the common law, but an innovation thereon, and hence the statute must be strictly pursued, or no rights can be acquired under it. (*Mushlitt* v. *Silverman*, 50 N. Y., 360; *Rollin* v. *Cross*, 45 id., 766, 769; *Benton* v. *Wickwire*, 54 id., 226, 228; *Kelly* v. *Laws*, 109 Mass., 395, 397; *Hubbell* v. *Schreyer*, 4 Daly, 376.) The plaintiff having, in his notice of lien, stated that his claim was against Patrick Daley only, cannot now maintain a suit to foreclose a lien, founded upon a claim in favor of Patrick Daley and Patrick Daley, Jr., jointly, against the owner; nor can he, by a proceeding to foreclose a lien, reach a fund in the owner's hands belonging to them jointly. It is a fatal variance, and a departure from the case made in the notice of lien not authorized by the statute. (*Hubbell* v. *Schreyer*, 4 Daly, 362, 376; *Hauptman* v. *Halsey*, 1 E. D. S., 668; *Jennings* v. *Collins*, 99 Mass., 29.)

BOARDMAN, J. :

Welch, the owner of the premises, alone defends. The building was erected upon his lands. Brown furnished materials which went into the structure. In due time Brown filed a notice of lien for such materials. In such notice it was alleged that the materials were furnished to defendant Patrick Daley, for the construction of the building. In fact, as shown by the evidence, the contract to furnish such materials was made by Brown with Patrick Daley, and Brown never knew that Patrick Daley, Jr., was a contractor, or had any interest in the contract for the building of the house, until the lien was filed.

Brown offered to prove that both Daley, Sr., and Welch told him, the former when the contract for materials was made, and the latter when the lien was filed, that Patrick Daley was the sole contractor. If this evidence was admissible, it must be treated upon this appeal as if it had been proved. It also appears from the evidence, that Daley, Jr., was under twenty-one years of age when the contracts were made. The contract for the building of

the house was executed by the two Daleys, after the parol contract between Brown and Daley, Sr. Brown, under the amended notice by which these proceedings were commenced, for the purpose of obtaining judgment, makes Daley, Jr., a party defendant; alleges that he has or claims some interest, but that, in truth and in fact, he had no interest or title therein, and was, at the making of said contract, an infant. Daley, Jr., does not defend, but Welch pleads that Daley, Jr., is improperly made a party defendant.

Upon these facts the court dismissed the proceedings, "because the notice of lien filed names Patrick Daley as the person against whom the claim is made, whereas the evidence shows Patrick Daley and Patrick Daley, Jr., to have been the contractors and the persons to whom the materials were furnished."

I think this decision is subject to criticism. It is not controverted, that plaintiff has furnished the materials; that they have gone into defendant Welch's house; that Welch is still owing for the work of construction; and that plaintiff has not been paid for the materials. If those facts are conceded, as they must be for the purposes of this appeal, equity and justice support the plaintiff's claim, and nothing but strict rules of law should prevent his recovery.

By the fifteenth section of chapter 489, Laws of 1873, it would seem that these proceedings are of an equitable character, to ascertain, adjudge and decree the respective rights of all the parties; to declare their priorities, and to secure the payment of the fund in the hands of the owner to the person or persons entitled thereto.

For this purpose, if necessary, other persons than those named in the notice may and should be brought in. (*Sullivan* v. *Decker*, 1 E. D. Smith, 699; *Foster* v. *Skidmore*, id., 719; *Lowber* v. *Childs*, 2 id., 577.) It is a proceeding *in rem* to adjust equities. The real claim is against the owner. The contractor is only of importance as showing the origin of plaintiff's claim. In this case the contract was made by plaintiff with defendant Daley, Sr.; the materials were delivered to and used by him in Welch's house. As no contract was made or executed by plaintiff with the two Daleys, I think he was justified in law in filing his lien against Daley, Sr., alone. The plaintiff is not bound to recognize or litigate the conflicting rights of Daley, Sr., and Daley, Jr. Those are

matters between themselves to be determined. Having done that, plaintiff afterward learns that Daley, Jr., has or claims some right or interest in the fund in controversy. Accordingly, when this action to enforce the lien is brought, he makes Daley, Jr., a party defendant; under section 6, as a person having or claiming an interest in the subject-matter of the claim; that is, in the fund in the owner's hands. By the neglect of Daley, Jr., to answer, he admits that he has no interest as against any other party in this action. I think such practice was correct. The proceedings against Welch were not affected by making Daley, Jr., a party; nor should the proceedings have been dismissed, whether he had or had not an interest in the fund. (*Lowber* v. *Childs, supra.*)

The court was required to ascertain and adjudge. to whom the fund in Welch's hands belonged. It was of no consequence to Welch what disposition was made of it, so long as he owed it, provided all possible claimants were made parties to the action; the judgment would protect him.

In another respect I think there was error in rejecting the offers to prove the declarations of Daley, Sr., and Welch, tending to show that Daley, Sr., was alone the contractor who bought these materials and built the defendant Welch's house. Had this proof been given, I think Welch would have been estopped from asserting upon the trial, that the lien was defective in not naming Daley, Jr., as one of the purchasers of materials. Brown filed his notice of lien upon the presumed truth of Welch's assurance. If he could be prejudiced thereby, Welch should be estopped from denying the truth of his assertion.

The remedy given by this law must necessarily be construed strictly; but its utility should not be destroyed by constructions hostile to its entire object and purpose.

Courts of equity are not disposed to withhold action because too many or too few parties appear upon the record. If there be too few, the absent persons will be brought in. If there be too many, the plaintiff may be subjected to the payment of the costs of those who have been unnecessarily brought into court. But in either case the court will retain the case and do justice. The law applicable to such proceedings as the suit at bar has not yet been well settled, and analogies may mislead.

But, for the reasons stated, I think a new trial should be granted, with costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment reversed and a new trial granted, costs to abide the event.